108 F.3d 1379
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Peter O. BODUNDE, Plaintiff-Appellant,
v.
Mitchell PARIZEK and Village of Schaumburg, Defendants-Appellees.
 No. 94-3525.
 United States Court of Appeals, Seventh Circuit.
 Submitted Feb. 6, 1997.*
Decided March 5, 1997.
 
 Before POSNER, Chief Judge, and KANNE and DIANE P. WOOD, Circuit Judges.
 
 ORDER
 
 1
 Peter O. Budunde filed suit against Mitchell Parizek and the Village of Schaumburg. He brought his claims under 42 U.S.C. § 1983, 18 U.S.C. § 2520(a) (the portion of the Federal Wiretapping Act that allows a private right of action) and Illinois state law. He also named the United States Postal Service as a defendant.[1]
 
 
 2
 Bodunde claimed that Parizek illegally wiretapped his phone and otherwise harassed him. He also claimed that Parizek is a police officer employed by the Village of Schaumburg and thus claims the Village is also liable. The Village of Schaumburg moved for summary judgment on the ground that Parizek was not a Schaumburg police officer. The Schaumburg Chief of Police provided an affidavit stating that from 1989 forward, nobody by the name of Mitchell Parizek was employed by the department. (Bodunde alleges that the unconstitutional actions took place after 1989.) The Chief of Police also stated there was no Schaumburg police officer that matched Parizek's physical description. In response to an allegation by Bodunde that Parizek's car was an undercover police car, the Chief of Police stated that this vehicle was not owned by the Schaumburg Police Department. In addition, a 17-year police veteran provided an affidavit stating that no one by the name of Mitchell Parizek had ever been a Schaumburg police officer.
 
 
 3
 Prior to moving for summary judgment, the Village had moved to dismiss Parizek's complaint. The district court issued an order on March 27, 1993, granting the motion in part. It dismissed Bodunde's § 1983 claim against the Village because he failed to allege a municipal policy or custom. The court dismissed the claims under the Federal Wiretapping Act against the Village that accrued prior to March 10, 1991, two years prior to Bodunde's filing his claim, as barred by the two year statute of limitations provided in that act. 18 U.S.C. § 2520(e). The court also dismissed all of Bodunde's state law claims against the Village that accrued prior to March 10, 1992 as barred by the one year statute of limitations that applies to actions against local municipalities. 745 ILCS 10/8-101. Bodunde argued that he had a temporary mental disability that tolled the statutes of limitations. The court examined the nature and length of the disability and concluded that it did not change the result as to which claims were barred. (In its ruling the court did not dismiss any of the claims against Parizek or the Postal Service, neither of whom had been served with process, but rather ruled that these defendants would be dismissed from the case if Parizek did not properly serve them within 120 days.)
 
 
 4
 On August 15, 1994, the district court addressed the Village's summary judgment motion and ruled on the claims that it had not dismissed in its March 1993 order. Based upon the evidence presented by the Village that Parizek was not a Schaumburg police officer and the evidence that Bodunde proffered in opposition to summary judgment (such as that other people had told him that Parizek was a police officer, that a private investigator's attempt to trace Parizek's license plate indicated that the plate number was unlisted, and that Parizek had called Bodunde a drug dealer) the district judge concluded that the Village had shown that there was no genuine dispute about Parizek's not being a Schaumburg police officer. The court thus concluded that the Village could not be held liable for Parizek's actions and granted summary judgment in its favor. The court dismissed Parizek from the suit on the ground that Bodunde never served him with process.
 
 
 5
 In issuing its order, the district court noted that the defendant did not provide Bodunde, a pro se plaintiff, with notice of the consequences of failing to respond to a summary judgment motion with sufficient evidence. (See District Court Order of August 15, 1994, n. 1.) The court, however, believed that Bodunde understood what he needed to do (although he failed to make the necessary showing to survive summary judgment). In order that Bodunde would not be prejudiced by the defendant's lack of notice to him on this issue, the district court directed Bodunde to Rule 56(e)'s requirement that in order to successfully oppose a properly supported summary judgment motion, the non-moving party must come forward with specific facts showing a genuine issue for trial. The court also informed Bodunde that the district court's rules required that he respond to the Village's statement of facts. See N.D.Ill.Rules 12(m) and 12(n). The court stated that if, after having been given this notice, Bodunde wished to proffer additional evidence in opposition to summary judgment, he should do so and move to vacate the court's judgment pursuant to Federal Rule of Civil Procedure 59 within 10 days.
 
 
 6
 Bodunde filed the Rule 12(n) statement of facts and moved to vacate the judgment. The district court denied the motion because Bodunde still had not established the existence of a genuine issue of material fact. Bodunde now appeals the district court's March 27, 1993 order dismissing certain claims against the Village, the court's August 15, 1994 order granting summary judgment for the Village on the remaining claims and dismissing Parizek, and its August 26, 1994 order denying his motion to vacate. We affirm.
 
 
 7
 As an initial matter we conclude that the district court was correct in its dismissal of certain claims against the Village as barred by the statute of limitations. The district court's reasoning was sound and we find Bodunde's arguments on this issue unpersuasive. Therefore, we adopt the district court's analysis of this matter. (See Memorandum and Order of March 27, 1993.) We also conclude that the district court was correct in its dismissal of the § 1983 claim against the Village due to Bodunde's failure to allege a municipal policy or custom that authorized the actions in question. By now it is clear (as we explain below) that the person who Bodunde claims undertook the actions in question, Parizek, had no affiliation with the Village. (Bodunde never served him with process and he has not made any filings in this court or the district court in this case. Therefore, we are not even sure that Parizek exists.) Therefore, the district court properly dismissed the § 1983 claim against the Village.
 
 
 8
 We are left with state law and Federal Wiretapping Act claims against the Village and Parizek. All of Bodunde's claims are based upon acts in which he alleges Parizek engaged. Therefore, if he cannot connect Parizek to the Village, there is no theory under which he can hold the Village liable.
 
 
 9
 In connection with its motion for summary judgment, the Village proffered strong evidence that Parizek was not employed by (or in any way connected with) the Village. This put into question a necessary element of Bodunde's claim and thereby shifted the burden to Bodunde to produce sufficient evidence to the contrary. Fed.R.Civ.P. 56(c), (f); Celotex Corp. v. Catrett, 477 U.S. 317, 324 (1986); Mills v. First Federal Sav. & Loan Ass'n, 83 F.3d 833, 840 (7th Cir.1996).
 
 
 10
 Bodunde has not produced evidence sufficient to create a factual dispute regarding Parizek's association with the Village. The evidence he presented consists of his own statements that he believed that Parizek was an undercover officer (based partly on his claim that Parizek called him a drug dealer), his statements that other people told him that Parizek was a police officer (without presenting affidavits from those persons), and evidence that Parizek's license plate number was unlisted. Also, in his deposition, Bodunde stated that when he called the Schaumburg Police Department, a supervisor "acknowledged Mitchell." (Mitchell is Parizek's first name.).
 
 
 11
 A party with the ultimate burden of persuasion on an issue cannot survive a properly supported motion merely by " 'show[ing] that there is some metaphysical doubt as to the material facts.' " Mills, 83 F.3d at 840 (quoting Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574 (1986)). The non-moving party must present enough evidence that a reasonable jury could find in his favor. Id.; Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). It is clear that Bodunde has not done that in this case. He has presented his own self-serving statements without showing that there was any factual basis for the statements. See Hedberg v. Indiana Bell Tel. Co., 47 F.3d 928, 931 (7th Cir.1995) ("Conclusory allegations by the party opposing the motion cannot defeat the motion.") He has presented other evidence that if accepted as true does not strengthen his contention that Parizek was a Schaumburg police officer. The only piece of evidence that he presents that in any way supports his case, his allegation that someone at the police department "acknowledged Mitchell," is not sufficient to create a genuine factual dispute in light of the evidence that Parizek was not a Schaumburg Police Officer. Anderson, 477 U.S. at 249-50 ("If the evidence is merely colorable ... or is not significantly probative ... summary judgment may be granted.") (internal citations omitted). Therefore, Bodunde has not presented evidence sufficient to raise a genuine factual dispute about a necessary element of his case against the Village. Thus, the Village of Schaumburg was entitled to summary judgment on all the claims that were not previously dismissed.
 
 
 12
 The district court dismissed Parizek as a defendant because Bodunde did not serve him with process. Bodunde originally attempted to serve Parizek by certified mail sent to the offices of the Village of Schaumburg. The mailing was returned as undeliverable. In an order issued on May 23, 1993, the district court instructed Bodunde on how he could attempt to serve Parizek. The court informed Bodunde that he could either serve Parizek by sending the complaint and summons to Parizek's address with an acknowledgment form, Fed.R.Civ.P. 4(c)(2)(C)(ii) (1992) (now Fed.R.Civ.P. 4(d)), or have someone other than himself serve Parizek personally. Fed.R.Civ.P. 4(c)(2).
 
 
 13
 Subsequently, Bodunde sent the summons and complaint by first-class mail to the Police Department. A Village employee returned the acknowledgment form. We conclude that this was not service of process on Parizek. Parizek did not work for the Schaumburg Police Department. The fact that the acknowledgment form was returned does not change this. The person who returned it was not Parizek and there is no evidence that this person was acting on behalf of Parizek. Therefore, we conclude that the district court properly dismissed Parizek.
 
 
 14
 AFFIRMED.
 
 
 
 *
 After an examination of the briefs and the record, we have concluded that oral argument is unnecessary and the appeal is submitted on the briefs and the record. See Fed.R.App.P. 34(a); Cir.R. 34(f)
 
 
 [1]
 The United States Attorney for the Northern District of Illinois has advised this court that he was not served with process as is required to name the Postal Service as a defendant. See Fed.R.Civ.P. 4(i)(2). Therefore, we dismiss the Postal Service from this appeal